**In the Matters of B–E HOLDINGS, INC. and Bucyrus–Erie Company, Reorganized Debtors.**

**Bankruptcy Nos. 94–20786, 94–20787.**

United States Bankruptcy Court,
E.D. Wisconsin.

Oct. 27, 1999.

Forrest B. Lammiman for the Reorganized debtors.

Charles I. Poret, New York City, for South Street Funds.

Howard A. Schoenfeld, Milwaukee, WI, for South Street Funds.

## MEMORANDUM DECISION PERTAINING TO MOTION OF CLAIMANTS SOUTH STREET CORPORATE RECOVERY FUND I, L.P., SOUTH STREET LEVERAGED CORPORATE RECOVERY FUND, L.P. AND SOUTH STREET CORPORATE RECOVERY FUND (INTERNATIONAL), L.P. TO COMPEL ADEQUATE RESPONSES TO QUESTIONS PUT AT ORAL EXAMINATION

RUSSELL A. EISENBERG,
Bankruptcy Judge.

On October 12, 1999, Claimants South Street Corporate Recovery Fund I, L.P., South Street Leveraged Corporate Recovery Fund, L.P. and South Street Corporate Recovery Fund (International), L.P.[1] filed a Motion to Compel Adequate Responses to Questions Put at Oral Examination. In its motion, South Street Funds seeks an order with three different decrees The first would compel Jackson National Life Insurance Company[2] to provide South Street Funds with adequate sworn responses to certain questions put at oral examination concerning the facts underlying the allegations in JNL's amended objection to the South Street Funds' claim(s) The second would preclude JNL from introducing evidence at trial or in relation to a dispositive motion to support factual contentions JNL has failed to disclose in response to South Street Funds' questions put at oral examination, absent a showing by JNL of compelling cause for its prior omission(s). The third request seeks the costs incurred in bringing the motion. On October 22, 1999, JNL filed a Memorandum in Opposition to the Motion of South

---

1. These entities shall hereinafter collectively be referred to as South Street Funds

2. This entity shall hereinafter be referred to as JNL.

Street Funds to Compel Adequate Responses to Questions Put at Oral Examination. Oral argument took place on October 27, 1999. The movant was principally represented by Attorney Charles I. Poret of Dechert, Price & Rhoads and assisted by Attorney Howard A. Schoenfeld of Godfrey & Kahn The respondent was represented by Attorney Forrest B. Lammiman of Lord, Bissell & Brook

 The motion before the court addresses a basic discovery question. What are the duties of a deponent? The answer is relatively simple. A deponent must appear, must answer questions honestly, and must not mislead the interrogator with a knowingly incomplete response. A deponent is not, however, required to volunteer information, explain trial strategies, or reveal privileged ·information. A skilled interrogator will establish parameters of the testimony or, in other words, build a cocoon around her deponent. She will do so by asking questions, followed by additional questions based on the response(s) given, which substantially limit the possibility for later surprises or revelations of previously undisclosed information. At trial, the deponent is allowed to fill in the details within the cocoon, but she may not stray outside of its boundaries. This assumes, however, that the cocoon was properly woven by the interrogator ·in the first place. Not all interrogators construct a sufficiently solid cocoon, and they may subsequently pay a high price at trial.

The court has spent a considerable amount of time studying in full the transcripts of the oral examinations which were provided to the court as exhibits attached to the affidavit submitted by South Street Funds in support of its motion. It has never been the court's practice to review deposition questions or answers in a vacuum. It is exceedingly difficult to judge brief excerpts of testimony pulled out of a much larger body. Previous and subsequent questions and answers provide a broader and more accurate view of the context and meaning of an individual statement. The oral examinations at issue were lengthy, detailed, and covered a broad factual spectrum. The same questions were repeatedly asked with slight variations; the same answers were given, again, with modest alterations. The questions were often complex; the answers were frequently extensive.

It is of crucial importance to recognize and understand the history of this case. This is NOT a case where there is a complete failure to comply with discovery or where one side is blocking and impeding discovery at every turn. This is NOT a case where one side has never heard of nor talked about the facts behind the claims or allegations of the other. A trial by ambush in this case is difficult to imagine. Both sides have, presumably, read each other's pleadings filed with this court which comprehensively set out facts, issues, and legal theories. Both sides have, as far as this court is aware based on the representations of the parties in open court, full and complete access to the same documents and the same witnesses.[3] The leveraged buyout, the exchange offer, and the sale-leaseback are all transactions which the parties have known about, studied, and litigated extensively in numerous forums for years. The additional facts and events which comprise the alleged scheme to defraud at issue here have also been revealed, discussed, and litigated for a lengthy period of time.

 With these considerations in mind, taken individually and as a whole, the court must determine if the duties of the deponent(s) have been fulfilled in this case. The court believes they have been. Dissatisfaction with an answer is, after all, not the same thing as failure to appear, failure to answer, or substantial evasiveness. The court is quick, however, to add the follow-

---

**3.** The court stresses the importance of both sides promptly and properly complying with all reasonable discovery requests in an orderly and efficient manner.

ing critical caveat. If a deposition cocoon was properly woven around Mr. Stark, Mr. Rahl, or any other witness, then that person is generally bound within the parameters of his previous testimony and cannot suddenly come forward at trial with new information or evidence. If, on the other hand, the deposition cocoon was poorly constructed, then the deponent is not later constrained within the walls of his prior statements. It is not the court's job to instruct interrogators on how to best formulate their questions. Nor is it the court's duty to advise a deponent whether to answer broadly or narrowly. The court must wait to learn at trial whether the cocoon in this case is strong or weak and then act accordingly. Now therefore,

IT IS HEREBY ORDERED that the Motion of South Street Funds to Compel Adequate Responses to Questions Put at Oral Examination shall be denied to the extent indicated in this memorandum decision, without costs to either side.